FAUMUINA SUAFA`I SATELE, Plaintiff,

v.

TAUTOLO GAOSA and AMERICAN SAMOA
POWER AUTHORITY, Defendants.

High Court of American Samoa
Land and Titles Division

LT No. 09-95
LT No. 31-96
August 3, 2000

Before RICHMOND, Associate Justice, and TAUANU`U, Temporary
Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima
For Defendant Tautolo Gaosa, Arthur Ripley, Jr.
For Defendant Am. Samoa Power Authority, Roy J.D. Hall, Jr.

## Opinion and Order

Defendant American Samoa Power Authority ("ASPA") entered
agreements with defendant Tautolo Gaosa ("Tautolo") to lease water
well and waste disposal sites on land called "Agaoleatu" on the Island of
Aunu`u, American Samoa ("the land at issue"). Both sites are within the
land at issue. The well site on a parcel identified as "Saofaga" is within
the larger land at issue. Tautolo is the *sa`o* ("senior chief") of the
Tautolo family. Plaintiff Faumuina Suafa`i Satele ("Faumuina") is the

*sa'o* of the Faumuina family.

In 1995, however, because the Faumuina sa'o title was vacant, two groups of Faumuina family members separately filed these actions to gain recognition that the leased land was the Faumuina family's communal land and obtain appropriate injunctive and other relief. Pursuant to A.S.C.A. § 43.0302, the issues were mediated unsuccessfully at the Office of the Secretary of Samoan Affairs, and jurisdictional certificates of irreconcilable dispute were duly issued and filed in both cases. On July 23, 1998, after Faumuina was invested with the Faumuina title, he was substituted as the proper plaintiff under A.S.C.A. § 43.1309. The two cases were consolidated the same day.

On June 1, 1998, the Court ordered Faumuina and Tautolo to survey their respective communal land claims and offer the surveys for title registration, and enjoined each family from interfering with the other family's survey. Faumuina obtained a survey of approximately 6.301 acres that encompassed the well site but not the disposal site. On December 4, 1998, he initiated the title registration process for the surveyed land. The registration offer was duly noticed and Tautolo objected to the registration. On April 27, 2000, after the registration process was concluded with issuance of another certificate of irreconcilable dispute, the dispute was referred to the Court for judicial resolution and made a part of the two pending actions. Tautolo also obtained a survey. His survey, however, included approximately 23.333 acres that encompassed both the well and disposal sites, and essentially all of Faumuina's surveyed land. Tautolo has not, however, formally offered his surveyed land for registration.

Trial was held on July 13 and 14, 2000. Both parties and their counsel were present.

### Discussion

Members of both the Tautolo family and the Fa'i family have lived on, cultivated, and otherwise shared use of the land at issue for many years. The Fa'i family has blood relationships with, and the Fa'i *matai* ("chief") title is a lesser title of, the Faumuina family. The Fa'i family is not, however, blood connected with the Tautolo family. Nonetheless, for the most part, this arrangement for sharing the land at issue has worked peacefully and harmoniously.

The Tautolo title is clearly appurtenant to the Village of Aunu'u. This connection has existed continuously on record since the territory's system of registering *matai* titles began in 1906. The Tautolo family owns communal lands on the Island of Aunu'u. The reigning holder of the Tautolo title, as the sa'o and on behalf of the family, has the *pule*

("power of control") over those lands. The Tautolo *fale talimalo* ("guest house") is on the land at issue. As the *sa`o* of the Tautolo family, the Tautolo titleholder is a member of the Village Council and is recognized in the Village salutation. He renders *monotaga* ("chiefly contributions") to the Council as directed by its members.

It is equally clear that the Faumuina *matai* title is appurtenant to the Village of Alofau. This relationship has also existed on record from the beginning of the system of registering *matai* titles in 1906. Two holders of the Faumuina title, however, were recorded in the Village of Aunu`u registry, one in 1911 and the other in 1917. Though only a foundation remains today, the Faumuina titleholder had sleeping quarters there on the land at issue. The 1911 registrant is buried nearby. The 1917 registrant listed under the Village of Aunu`u resigned in 1948. The registered Faumuina titleholder listed under the Village of Alofau in 1906 was succeeded in 1949. These facts show that the Faumuina title has been firmly and principally established, or reestablished, as the case may be, with the Village of Alofau at least since 1949. The Faumuina family owns communal lands in the Village of Alofau. The Faumuina titleholder, as the *sa`o* of the family, has the *pule* over those lands. The Faumuina *fale tailmalo* is located in Alofau. As the *sa`o* of the Faumuina family, the Faumuina titleholder is a member of the Village Council of Alofau and is recognized in the Village salutation. He is not a member of the Village Council of Aunu`u and is not recognized in the Village of Aunu`u salutation. The Faumuina titleholder renders *monotaga* to the Village Council of Alofau, not the Village Council of Aunu`u.

■ The Faumuina titleholder is also the paramount chief of Saole County. Both Villages, Aunu`u and Alofau, are located within this County. In his capacity as the paramount chief of the County, the Faumuina titleholder periodically visits the Village of Aunu`u and, at all times, is dignified by and commands the respect of the Aunu`u villagers. He does not, however, acquire *pule* over communal lands outside of the Faumuina family's communal lands in Alofau, or elsewhere if there are any such lands, simply by virtue of his role as the paramount chief of the county.

Under these circumstances, we find that as between Faumuina and Tautolo, the entire land at issue is the Tautolo family's communal land. The immediate consequences of that finding are different, however, for the portion of the land at issue surveyed and offered for registration by Faumuina, on the one hand, and for the portion of the land at issue within Tautolo's survey but outside Faumuina's survey, on the other.

The portion of the land at issue within Faumuina's survey went through the registration process. Thus, Tautolo is entitled to have the title to this

307

portion of the land at issue registered as the Tautolo family's communal land. Members of the Fa`i family may continue to live on, cultivate, and otherwise use this portion of the land at issue, but only at the Tautolo titleholder's pleasure.

■ At this time, however, we cannot fully determine the ownership of the portion of the land at issue within Tautolo's survey but outside Faumunina's survey. In order to make this determination with respect to other potential ownership claimants, Tautolo must offer to register the title to this portion of the land at issue as the Tautolo family's communal land. Until this determination is made, members of the Fa`i family may also continue to live on, cultivate, and otherwise use this portion of the land at issue, again with the Tautolo titleholder's pleasure.

The well site is located within the portion of the land at issue offered within Faumuina's survey. Thus, the lease entered between ASPA and Tautolo for the well site is valid. Tautolo, on behalf of the Tautolo family, is presently entitled to receive from ASPA the rents due and owing, now and in the future, under the well site lease.

The disposal site is located within the portion of the land at issue surveyed by Tautolo but outside the portion of the land at issue offered for registration by Faumuina. The lease entered between ASPA and Tautolo for the disposal site is valid as between Faumuina and Tautolo. However, ownership claims by others to this portion of the land at issue can still arise when and if Tautolo offers to register this portion of the land at issue. ASPA may pay Tautolo the rents due and owing, now and in the future, under the disposal site lease, or, at its option, it may withhold payments of the rent for the disposal site, pending the outcome of Tautolo's offer, if it is made, to register the title to this portion of the land at issue.

## Order

1. As between Faumuina and Tautolo, the entire land at issue is the Tautolo family's communal land.

2. The Territorial Registrar shall register the title to the portion of the land at issue that Faumuina surveyed and offered for registration as the Tautolo family's communal land.

3. Tautolo may offer to register the title to the portion of the land at issue included within his survey but outside Faumuina's survey as the Tautolo family's communal land.

4. ASPA shall pay to Tautolo all rent due and owing, now and in the future, under the well site lease. At this time, however, ASPA may

either pay to Tautolo all rent due and owing, now and in the future, under the disposal site lease, or it may withhold payment pending the outcome of Tautolo's offer, if it is made, to title to the portion of the land at issue within register the Tautolo's survey but outside Faumuina's survey.

It is so ordered.